George **HICKMAN**, Plaintiff,

v.

**OHIO BARGE LINE, INC.**, Defendant.

Civ. A. No. 73–876.

United States District Court,
W. D. Pennsylvania.

June 27, 1974.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

John T. Tierney, III, Reed, Smith, Shaw & McClay, Pittsburgh, Pa. for defendant.

## OPINION

WEBER, District Judge.

This is an admiralty action for personal injuries against Ohio Barge Line, Inc. Jurisdiction is alleged under the Jones Act and the General Maritime Law.

Plaintiff alleges that he was injured on June 25, 1972 while in the employ of Twin Rivers Towing Company but while he was a "borrowed servant" of Ohio Barge Line for an injury received in the course of his employment. In his complaint plaintiff claims that he was injured when he fell while stepping from his boat owned by Twin Rivers Towing Company onto a landing barge owned by defendant Ohio Barge Line, Inc. Plaintiff alleges that he was working under the direction and control of an agent of defendant Ohio Barge Line, Inc.

The defendant has moved for Summary Judgment on the basis of a prior Jones Act action by this same plaintiff against Twin Rivers Towing Company filed at Civil Action No. 72–339 in this court. In Civil Action No. 72–339 the plaintiff alleged an accident which occurred on or about March 10, 1972. During the course of discovery depositions in that case plaintiff also testified with respect to alleged accidents to himself which occurred on or about June 1st, 1972 and on or about June 25th, 1972 while he was employed by Twin Rivers. The accident of June 25th, 1972 is the event which comprises the subject matter of plaintiff's present claim against the within defendant Ohio Barge Line, Inc. On December 11, 1972, Civil Action No. 72–339 was called for trial and the parties came to an agreement to settle all of the above claims mentioned in the proceedings in that case for the sum of $13,200. A petition for the approval of such settlement by the court was prepared to which a release was attached, signed by the plaintiff and approved by the court which settled and compromised the above three claims of the plaintiff. The petition recites that the plaintiff was an employee of Twin Rivers Towing Company on the various dates and times when the accidents, including the accident of June 25, 1972, occurred. The petition to settle and compromise referred to a full and complete settlement of all claims for damages as a result of plaintiff's accident of June 25, 1972. The release attached to the petition does not expressly reserve rights of the plaintiff against other third-party tort feasors.

A hearing was held on the approval of the settlement before the trial judge. At the time of the hearing the plaintiff was asked if he understood that the settlement will include a release of all claims for negligence under the Jones Act and for unseaworthiness under the Maritime Law and all claims for maintenance and cure arising out of these three accidents. He responded that he did so understand. He was also on cross-examination by defense counsel for Twin Rivers Towing Company if he understood that his claim for damages under the Jones Act and for unseaworthiness, and his release of all claims included the three accidents which had been discussed March 10, 1972, June 1st, 1972 and June 25th, 1972. The plaintiff replied that he understood and further replied that he understood that this settlement included all claims for maintenance and cure, past, present and future.

It is clear to us that it was the intention of the plaintiff that all of his claims under the Jones Act, for unseaworthiness

under the Maritime Law, and for maintenance and cure were released by the settlement of the civil action at No. C.A. 72–339.

The plaintiff now argues that the interpretation of a release is a matter of intention of the parties to be tried by the trier of fact in an action. Cates v. United States, 451 F.2d 411 [5th Cir. 1971]; Leach v. Mon River Towing, Inc., 363 F.Supp. 637 [W.D.Pa.1973]. While we may agree to the plaintiff's position with respect to the reservation of the right by plaintiff to bring suit against third parties on a maritime cause of action we cannot agree that this permits plaintiff to maintain two successive actions for the same accident under the Jones Act, or for maintenance and cure.

■■■ We believe that it is firmly established that only one person, firm or corporation can be sued as an employer for damages under the Jones Act, or for the maritime remedy of maintenance and cure. A seaman-employee has one and only one claim and recovery for the same accident against his employer under the Jones Act and under the remedy for maintenance and cure. Cosmopolitan Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 [1949]. The same question was at issue in Miller v. M/G Transport Services, Inc. et al., Civil Action No. 72–660, United States District Court for the Western District of Pennsylvania, February 28, 1973, aff'd by order Third Circuit No. 73–1955, April 16, 1974.

■■■ It is clear to us that the plaintiff made a complete settlement of all of his cause of action against his employer under the Jones Act and for maintenance and cure for the accident of June 25th, 1972 in his suit against Twin Rivers Towing Company at Civil Action No. 72–339 in this court. He is, therefore barred from asserting a cause of action under the Jones Act or for maintenance and cure against the present defendant for the same accident and summary judgment to that effect will be granted.

We believe that this determination leaves open for further trial on the merits plaintiff's cause of action against the present defendant under the General Maritime Law for unseaworthiness. Whether that action is barred by the release given to Twin Rivers Towing Company on December 11, 1972 is a factual matter to be determined by the intention of the parties at the trial of that maritime action. Similarly, the question of whether or not the structure owned by the defendant Ohio Barge Line, Inc. is a vessel under the maritime law sufficient to impose liability for alleged unseaworthiness is also a matter of disputed fact to be tried in that maritime action. Defendant's Motion for Summary Judgment as to plaintiff's maritime claim for unseaworthiness is denied and the matter will be ordered down for non-jury trial before the undersigned.

Because we have determined plaintiff cannot assert a second Jones Act action, or action for maintenance and cure, against another party when he has previously settled his Jones Act action and maintenance and cure action against a different party alleged to be his employer, there remains no further issues to be tried by a jury. The maritime claim for unseaworthiness against the present defendant will be tried before the court without jury. Mahramas v. American Export Isbrandtsen Lines, Inc., 475 F.2d 165 [2nd Cir. 1973].